AO 442

115459771

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

Zachary Rhodes

## WARRANT FOR ARREST

08903 506

Case Number: ___23-cr-00958-BTM___

# NOT FOR PUBLIC VIEW

To:     The United States Marshal
        and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest                    Zachary Rhodes
                                                    _____
                                                              Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☐ Order of Court   ☐ Violation Notice   ☒ Probation Violation Petition
                                                                                      ☐ Pretrial Violation

charging him or her with  (brief description of offense):

2025 JAN -8  PM 12: 56

In violation of Title  -  ___See Above___   United States Code, Section(s) _____

John Morrill                                          Clerk of the Court
_____                          _____
Name of Issuing Officer                              Title of Issuing Officer

s/ Y. Coss                                           1/8/2025 San Diego, CA.
_____                          _____
Signature of Deputy                                  Date and Location

Bail fixed at $        No Bail            by        The Honorable Barry Ted Moskowitz
                                                    _____
                                                         Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at_____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

PROB 12C
(06/17)

December 27, 2024
pacts id: 8428511

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**EDCA CASE NO:**
**5:25-mj-00081-CDB**

**Name of Offender:** Zachary Rhodes (English)    **Dkt. No.:** 23CR00958-001-BTM

**Reg. No.:** 08903-506

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, Senior U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Fentanyl, a Class C felony

**Date of Revocation Sentence:** July 8, 2024

**Sentence:** Time Served (68 days in custody); 3 years of supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On December 19, 2024, the conditions of supervised release were modified to include participation in the House of Metamorphosis residential drug treatment program.

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** July 9, 2024

**Asst. U.S. Atty.:** Lyndzie Marie Carter    **Defense Counsel:**    Marc Levinson
(Appointed)
619-234-8467

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

2025 JAN -8 PM 12: 56
RECEIVED

Case 5:25-mj-00081-CDB     Document 1     Filed 10/08/25     Page 4 of 9

PROB12(C)

Name of Offender: Zachary Rhodes                                               December 27, 2024

Docket No.: 23CR00958-001-BTM                                                               Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)** Enroll in and successfully complete a residential drug treatment program as directed by the probation officer. | 1. On or about December 20, 2024, Mr. Rhodes was unsuccessfully discharged from House of Metamorphosis residential drug treatment program. |

***Grounds for Revocation:*** As to Allegation 1, on December 23, 2024, the undersigned received verbal confirmation from the intake coordinator at House of Metamorphosis residential drug treatment program advising that Mr. Rhodes self-discharged from the program on December 20, 2024.

| | |
|---|---|
| **(Standard Condition)** The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the  probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 2. On or about December 20, 2024, Mr. Rhodes changed his place of residence without notifying the probation officer, as required. |

***Grounds for Revocation:*** As to Allegation 2, on December 20, 2024, Mr. Rhodes was released from federal custody and transported to the House of Metamorphosis facility to commence residential drug treatment. On December 23, 2024, the undersigned was notified that he decided to self-discharge from the program. The offender failed to contact the probation officer to notify his change of residence, as required.

Case 3:23-cr-00958-BTM    Document 77 (Court only)    Filed 01/08/25    PageID.218
Page 3 of 6
Case 5:25-mj-00081-CDB    Document 1    Filed 10/08/25    Page 5 of 9

PROB12(C)

| | |
|---|---|
| Name of Offender: Zachary Rhodes | December 27, 2024 |
| Docket No.: 23CR00958-001-BTM | Page 3 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On December 9, 2024, Mr. Rhodes was found in violation of his conditions of supervision, and on December 19, 2024, the conditions of supervised release were modified to include residential substance abuse treatment, and he was continued on supervised release. Subsequently, on December 20, 2024, the offender was released to a representative of Federal Defenders, Inc., and he was transported to House of Metamorphosis residential drug treatment program. The offender was admitted on December 20, 2024, and he left the program on the same day. Regrettably, Mr. Rhodes failed to contact the probation officer after he left the program and his current whereabouts is unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Rhodes was born in Redlands, California. The offender grew up in foster care, and he went through approximately eight foster homes before he was adopted at the age of five. As noted in the presentence report, Mr. Rhodes began using marijuana at the age of 12. He eventually became a daily user when he was around the age of 17. The offender also indicated he started using methamphetamine at the same age, and he used the substance weekly up until the day before his arrest. It is further reported Mr. Rhodes has had mental and emotional health issues.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to complete residential drug treatment, and failure to report change of residence) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since at the time of original sentencing the court departed from the applicable Criminal History Category, an upward departure may be warranted upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.2), and 18 U.S.C. § 3583(e)(3).

Case 3:23-cr-00958-BTM    Document 77 (Court only)    Filed 01/08/25    PageID.219
Page 4 of 6
Case 5:25-mj-00081-CDB    Document 1    Filed 10/08/25    Page 6 of 9

PROB12(C)

Name of Offender: Zachary Rhodes                                            December 27, 2024
Docket No.: 23CR00958-001-BTM                                                         Page 4

---

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960. The court has imposed an aggregate of 121 days custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Rhodes has failed to avail himself to supervision, it is believed the issuance of a warrant is justified to gain his appearance in Court to answer to the alleged violations, as he poses a risk of flight.

## RECOMMENDATION/JUSTIFICATION

This is the third time that Mr. Rhodes has been brought before the Court for violation proceedings. The offender appears before Your Honor as he continues to violate the Court's trust with his ongoing non-compliance. He has displayed a lack of motivation to address his substance abuse issue. It would appear that formal court intervention is necessary at this time. It is believed a custodial sanction is warranted in order to reinforce the importance of abiding by the orders of the Court and for the significant breach of the Court's trust.

Should the allegations be sustained, it is recommended that supervised release be revoked, and the offender be sentenced to eight months in custody. Further supervised release is not recommended as Mr. Rhodes has demonstrated he is not amendable to intervention efforts from the Court and the U.S. Probation Office.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: December 27, 2024**

Respectfully submitted:                                    Reviewed and approved:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by                                                          Meredith J. Hammond
Irene Maldonado                                            Supervisory U.S. Probation Officer
U.S. Probation Officer
(619) 409-5107

fyf

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Rhodes, Zachary

2. **Docket No.** (Year-Sequence-Defendant No.): 23CR00958-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to complete residential drug treatment | C |
| Failure to report change of residence | C |
| | |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [   C   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))          [   I   ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))          [   3 to 9 months   ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

Restitution ($) _____          Community Confinement _____

Fine ($) _____          Home Detention _____

Other _____          Intermittent Confinement _____

Case 3:23-cr-00958-BTM    Document 77 (Court only)    Filed 01/08/25    PageID.221
Page 6 of 6
Case 5:25-mj-00081-CDB    Document 1    Filed 10/08/25    Page 8 of 9

PROB12(C)

Name of Offender: Zachary Rhodes                                    December 27, 2024

Docket No.: 23CR00958-001-BTM                                                   Page 6

---

## THE COURT ORDERS:

✓    AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_____

_____


The Honorable Barry Ted Moskowitz                              12/28/2024

Senior U.S. District Judge                                        Date

RECEIVED
U.S. MARSHALS-S/DA
2025 JAN -8 PM 12: 56